## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## JACKSON DIVISION

RALPH TERRY GREER                                                                    PLAINTIFF

VS.                                                        CIVIL ACTION NO. 3:11cv547-WHB-LRA

LEAKE COUNTY SCHOOL DISTRICT                                          DEFENDANT

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on application of Plaintiff Ralph Terry Greer [hereinafter "Plaintiff"] seeking permission to proceed *in forma pauperis* for the purpose of filing this civil rights action against his employer, the Leake County School District. Plaintiff requested that the prepayment of filing fees and costs be waived pursuant to 28 U.S.C. §1915, and he filed a supporting affidavit including information regarding his financial status. The Court found the affidavit to be unclear as to certain facts and directed Plaintiff to submit additional information. Plaintiff complied with the Order by filing a response on September 14, 2011 [ECF No. 4].

After a review of the sworn Financial Affidavit filed with the Court, as supplemented by Plaintiff, it is the opinion of the Magistrate Judge that Plaintiff is not indigent under the law and should not be allowed to proceed *in forma pauperis*. Plaintiff has been employed by Defendant since February 14, 1986, receiving a net monthly salary of $2,462. He has a part-time job at the Leake County Jail and makes approximately $400 a month at that job. His wife is disabled and receives monthly disability benefits in the amount of $839. He

owns a house and real estate, secured by a loan; his monthly payment on this loan is $540. He owns two motor vehicles, and his total car payments are approximately $563.

Section 28 U.S.C. §1915(a)(1) is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay any part of the statutory filing costs.  *See Williams v. Estelle*, 681 F.2d 946 (5th Cir. 1982); *Prows v. Kastner*, 842 F.2d 138 (5th Cir. 1988).  This Court, in exercising its discretion, has considered the following factors:

> Is the plaintiff barred from the federal courts by reason of his impecunity?  *Souder v. McGuire*, 516 F.2d 820 (3rd Cir. 1975);
>
> Is access to the courts blocked by the imposition of an undue hardship?  *Startti v. United States*, 415 F.2d 1115 (5th Cir. 1969); and,
>
> Is the plaintiff forced to contribute his last dollar, or render himself destitute to prosecute his claim?  *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 337 (1941).

Considering the circumstances of Plaintiff, particularly the fact that he is employed and receives a regular income which is significantly higher than the minimum wage required by law, the undersigned finds that he could pay filing costs without undue financial hardship if given until **October 28, 2011**, to do so.  He will not be rendered destitute by paying the filing fees by that time, as he does receive a regular income.  Because he will not be barred from the federal courts due to his lack of financial resources, it is the recommendation of the undersigned that Plaintiff's motion to proceed *in forma pauperis* be denied.

Plaintiff shall be given until **October 28, 2011**, to pay the filing fees in this cause. If Plaintiff does not object to this recommendation, but does not pay the filing fees by **October 28, 2011**, this case should be dismissed without prejudice with no further notice to Plaintiff.

Plaintiff is referred to 28 U.S.C. § 636(b)(1)(B) and Fed.R.Civ.P. 72(b) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court...." *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(*en banc*)(citations omitted).

THIS the 23rd day of September, 2011.


                                          /s/ Linda R. Anderson
                                UNITED STATES MAGISTRATE JUDGE